# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **JOHN GRIFFIN, Individually and for Others Similarly Situated,** | **Case No.** |
| **v.** | **Collective Action Pursuant To 29 U.S.C. § 216(b)** |
| **DEMARK, INC.** | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Demark, Inc. (Demark) failed to pay John Griffin (Griffin), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.      Instead, Demark paid Griffin, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.      Griffin brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of Demark's business is conducted in this District.

6.      Demark maintains its headquarters in this District.

### THE PARTIES

7.      Griffin was an hourly employee of Demark.

8.      His written consent is attached as <u>Exhibit A</u>.

9.      Demark is a Delaware corporation headquartered in Illinois.

10.     Demark may be served with process by serving its registered agent Michael W. Hansen, 735 Essington Rd., Suite 102, Joliet, IL 60435.

## COVERAGE UNDER THE FLSA

11.     At all relevant times, Demark was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.     At all relevant times, Demark was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all relevant times, Demark was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14.     At all relevant times, Griffin and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

15.     Demark is a professional consulting and engineering firm that provides technical and support services for all aspects of the Power (Fossil, Wind, Solar, Nuclear) and Petro Chemical Industry.

16.     Demark provides expertise and support services to major projects in the power industry across the United States.[1]

---

[1]     http://demarkinc.com/projects/ (last visited December 5, 2017).

17.     Griffin was an hourly employee of Demark.

18.     Demark hired Griffin around March of 2015.

19.     Demark entered into an "Employment Agreement" with Griffin stating he would be paid "at an hourly rate for all approved hours of $83 per hour."

20.     Demark paid Griffin $83 per approved hour worked.

21.     Griffin left Demark's employment near the end of May 2017.

22.     Griffin reported the hours he worked to Demark on a regular basis.

23.     Demark required Griffin to "accurately complete, sign and assist Demark in gaining approval of [their] time records at the end of each pay period."

24.     If Griffin worked fewer than 40 hours in a week, he would be paid only for the hours worked.

25.     For example, in the week period ending on December 28, 2015, Griffin worked 10 hours.

26.     Griffin worked less than 40 hours in that week.

27.     For that week, Demark paid Griffin for 10 hours at his hourly rate of $83.

28.     But Griffin normally worked more than 40 hours in a week.

29.     For example, in the week period ending on April 17, 2016, Griffin worked 72 hours.

30.     For that week, Demark paid Griffin for 72 hours at his hourly rate of $83.

31.     The hours Griffin and the Putative Class Members' worked are reflected in Demark's records.

32.     Demark paid Griffin at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

33.     Rather than receiving time and half as required by the FLSA, Griffin only received "straight time" pay for overtime hours worked.

3

34. This "straight time for overtime" payment scheme violates the FLSA.

35. Demark was aware of the overtime requirements of the FLSA.

36. The Department of Labor investigated Demark and found it in violation of the FLSA.

37. The Case ID of the Department of Labor investigation is 1816504.

38. The Department of Labor found overtime violations related to the straight time compensation policy for all hours worked.

39. This is the same compensation policy used to compensate Griffin.

40. Demark nonetheless failed to pay certain hourly employees, such as Griffin, overtime.

41. Demark's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

42. Demark's illegal "straight time for overtime" policy extends beyond Griffin.

43. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

44. Demark paid hundreds of hourly workers using the same unlawful scheme.

45. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

46. The workers impacted by Demark's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

47. Therefore, the class is properly defined as:

**All hourly employees of Demark, Inc. who were, at any point in the past 3 years, paid "straight time for overtime." (the "Putative Class Members").**

4

**CAUSE OF ACTION**

48.     By failing to pay Griffin and those similarly situated to him overtime at one-and-one-half times their regular rates, Demark violated the FLSA's overtime provisions.

49.     Demark owes Griffin and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

50.     Because Demark knew, or showed reckless disregard for whether its pay practices violated the FLSA, Demark owes these wages for at least the past three years.

51.     Demark is liable to Griffin and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

52.     Griffin and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

53.     Griffin prays for relief as follows:

a.      An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b.      Judgment awarding Griffin and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c.      An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d.      All such other and further relief to which Griffin and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Douglas M. Werman*
One of Plaintiff's Attorneys

5

Douglas M. Werman
dwerman@flsalaw.com
Maureen A. Salas
msalas@flsalaw.com
**WERMAN SALAS P.C.**
77 West Washington Street
Suite 1402
Chicago, IL 60602
312-419-1008 – Telephone
312-419-1025 – Facsimile

Michael A. Josephson
Texas Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
Texas Bar No. 24056278
rschreiber@mybackwages.com
Andrew Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**